## UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW P. WEST, Individually and as )
Independent Executor of the )
Estate of Justine C. Claise, deceased, )
                             )
       Plaintiff, )
                             )
                             )
     v. )
                             )     Civil No. **08 - 646 - GPM**
                             )
THE UNITED STATES OF AMERICA, )
ST. LOUIS UNIVERSITY, A NOT-FOR-PROFIT )
CORPORATION, and ST. ELIZABETH'S )
HOSPITAL OF THE HOSPITAL SISTERS OF )
THE THIRD ORDER OF ST. FRANCIS, )
BELLEVILLE, ILLINOIS, A NOT-FOR-PROFIT )
CORPORATION, )
                             )
       Defendants. )

## COMPLAINT

### JURISDICTIONAL STATEMENT–COUNTS I AND II

This suit is brought with the United States of America as a Defendant, pursuant to the

terms of 28 USC §§1346 (b) (1), and the Federal Tort Claims Act (28 USC §2671, et. seq.)  and

this Court has subject matter jurisdiction pursuant to these statutes.

### JURISDICTIONAL STATEMENT–COUNTS III-VI

This suit is brought with St. Louis University and St. Elizabeth's Hospital as Defendants,

pursuant to Supplemental Jurisdiction (28 USC §1367), and this Court has subject matter

jurisdiction pursuant to these statutes.

## COUNT I

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of the Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and for Count I of his cause of action against the Defendant, The United States of America, states as follows:

1.     That Matthew P. West was the husband of Justine Claise, who died on June 28, 2005, and is the duly appointed Independent Executor of the Estate of Justine Claise, as evidenced by the Letters of Office attached hereto and made a part hereof and marked as "EXHIBIT A".

2.     That at all times relevant hereto the Plaintiff, Matthew P. West, is and has been a resident of Illinois.

3.     That Captain Kenneth Boomgard, M.D., is a physician, and at all times relevant hereto was acting within the scope of his deemed employment for The United States of America, as a member of the United States military, while a member of the residency program at St. Elizabeth's Hospital, under the auspices of St. Louis University, from September 8, 2003 through January 4, 2004.

4.     That Plaintiff's Decedent, Justine C. Claise, as the wife of an active duty serviceman, came under the care and treatment of Captain Kenneth Boomgard, M.D. during the course of his residency.

5.·     That during the time Plaintiff's Decedent was being treated by Captain Kenneth Boomgard, M.D., Plaintiff's Decedent developed a carcinoma which was not treated;

6.     That at all times mentioned herein, it was the duty of The United States of

America, by and through Captain Kenneth Boomgard, M.D., to provide competent medical and professional services to the Plaintiff's Decedent, Justine C. Claise.

7.    That Captain Kenneth Boomgard, M.D., deviated from the acceptable standard of care in his treatment of the Plaintiff's Decedent, Justine C. Claise.

8.    That at the aforesaid time and place, the Defendant, The United States of America, by and through Captain Kenneth Boomgard, M.D., failed to provide proper care and treatment to the Plaintiff, and committed one or more of the following negligent acts and/or omissions:

(a)    Failed to diagnose the sarcoma promptly that contributed to a substantial loss of the Decedent's survival;

(b)    Failed to recognize and treat the sarcoma, despite having been alerted of the problem for several months;

9.    That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, The United States of America, by and through Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005, thus depriving her next of kin of the support, society, guidance, companionship, and happiness provided by Justine C. Claise, and in addition thereto, they have become obligated for medical bills and funeral bills.

10.    That a cause of action previously filed in Illinois state court has been voluntarily dismissed based upon the same or substantially the same acts or omissions or occurrences, and Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and report to that effect are attached hereto, marked as "EXHIBIT B" and incorporated by reference herein.

WHEREFORE, Plaintiff, Matthew P. West, prays for judgment against the Defendant,

The United States of America, in a sum in excess of TEN MILLION DOLLARS,

($10,000,000.00), plus costs of suit.

Terry N. Brown, #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

## COUNT II

### PAIN AND SUFFERING

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of

the Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and

for Count II of his cause of action against the Defendant, The United States of America, states as

follows:

1.      That Matthew P. West was the husband of Justine Claise, who died on June 28,

2005, and is the duly appointed Independent Executor of the Estate of Justine Claise, as

evidenced by the Letters of Office attached hereto and made a part hereof and marked as

"EXHIBIT A".

2.      That at all times relevant hereto the Plaintiff, Matthew P. West, is and has been a

resident of Illinois.

3.      That Captain Kenneth Boomgard, M.D., is a physician, and at all times relevant

hereto was acting within the scope of his deemed employment for The United States of America,

as a member of the United States military while a member of the residency program at St.

Page 4

Elizabeth's Hospital, under the auspices of St. Louis University, from September 8, 2003 through January 4, 2004.

4.      That Plaintiff's Decedent, Justine C. Claise, came under the care and treatment of Captain Kenneth Boomgard, M.D. during the course of his residency.

5.      That during the time Plaintiff's Decedent was being treated by Captain Kenneth Boomgard, M.D., Plaintiff's Decedent developed a carcinoma which was not treated.

6.      That at all times mentioned herein, it was the duty of The United States of America, by and through Captain Kenneth Boomgard, M.D.,  to provide competent medical and professional services to the Plaintiff's Decedent, Justine C. Claise.

7.      That Captain Kenneth Boomgard, M.D., deviated from the acceptable standard of care in his treatment of the Plaintiff's Decedent, Justine C. Claise.

8.      That at the aforesaid time and place, the Defendant, The United States of America, by and through Captain Kenneth Boomgard, M.D., failed to provide proper care and treatment to the Plaintiff, and committed one or more of the following negligent acts and/or omissions:

       (a)      Failed to diagnose the sarcoma promptly that contributed to a substantial loss of the Decedent's survival;

       (b)      Failed to recognize and treat the sarcoma, despite having been alerted of the problem for several months;

9.      That as a direct and proximate result of one or more of  the foregoing negligent acts and/or omissions of the Defendant, The United States of America, by and through Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005;

10.      That as a direct and proximate result of one or more of  the foregoing negligent

acts and/or omissions of the Defendant, The United States of America, by and through Captain

Kenneth Boomgard, M.D., Plaintiff's Decedent was caused to suffer intense pain and suffering

from time of the development of the carcinoma until her death on June 28, 2005;

11.     That a cause of action previously filed in Illinois state court has been voluntarily

dismissed based upon the same or substantially the same acts or omissions or occurrences, and

Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and

report to that effect are attached hereto, marked as "EXHIBIT B" and incorporated by reference

herein.

WHEREFORE, Plaintiff, Matthew P. West, prays for judgment against the Defendant,

The United States of America, in a sum in excess of TEN MILLION DOLLARS,

($10,000,000.00), plus costs of suit.

Terry N. Brown, #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

## COUNT III

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of the

Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and for

Count III of his cause of action against the Defendant, St. Louis University, a not-for-profit

corporation, hereinafter known as "St. Louis University" and states as follows:

1.     That Matthew P. West was the husband of Justine Claise, who died on June 28, 2005,

and is the duly appointed Independent Executor of the Estate of Justine Claise, as evidenced by the

Page 6

Letters of Office attached hereto and made a part hereof and marked as "EXHIBIT A".

2.     That at all times relevant hereto, Plaintiff, Matthew P. West, is and has been a resident of Illinois.

3.     That at all times mentioned herein, St. Louis University, operated a hospital and a residency program located in St. Clair County, Illinois.

4.     That Plaintiff's Decedent, Justine C. Claise, came under the care and treatment of agents, servants and/or employees of St. Louis University, including Captain Kenneth Boomgard, M.D., a member of the residency program operated by St. Louis University, from September 8, 2003 through January 4, 2004.

5.     That at the aforementioned time and place, it was the duty of St. Louis University, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., to operate its residency program in such a fashion as to provide competent medical services to Plaintiff's Decedent, Justine C. Claise.

6.     That during the time that Plaintiff's Decedent was being treated by agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., and other members of the residency program operated by St. Louis University, Plaintiff's Decedent developed a carcinoma which was not treated;

7.     That the Defendant, St. Louis University, by and through its agents, servants and/or employees, was then and there was guilty of one or more of the following negligent acts and/or omissions:

    a.     Failed to properly train the physicians in its residency program;

    b.     Failed to properly monitor the care given by the physicians in its residency program;

    c.      Failed to have competent supervisory staff to check the patients being treated

by the residents in its program.

8.     That as a direct and proximate result of one or more of the foregoing negligent acts

and/or omissions of the Defendant, St. Louis University, by and through its agents, servants and/or

employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005,

thus depriving her next of kin of the support, society, guidance, companionship, and happiness

provided by Justine C. Claise, and in addition thereto, they have become obligated for medical bills

and funeral bills.

9.     That a cause of action previously filed in Illinois state court has been voluntarily

dismissed based upon the same or substantially the same acts or omissions or occurrences, and

Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and report

to that effect are attached hereto, marked as "EXHIBIT B" and incorporated by reference herein.

WHEREFORE, Plaintiff, Matt West, Individually, and as Independent Executor of the Estate

of Justine C. Claise, deceased, prays for judgment against the Defendant, St. Louis University, in a

sum in excess of TEN MILLION DOLLARS ($10,000,000.00) plus costs of suit.

Terry N. Brown, #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

## COUNT IV

## PAIN AND SUFFERING

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of the

Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and for

Count IV of his cause of action against the Defendant, St. Louis University, a not-for-profit

corporation, hereinafter known as "St. Louis University" and states as follows:

1.     That Matthew P. West was the husband of Justine Claise, who died on June 28, 2005,

and is the duly appointed Independent Executor of the Estate of Justine Claise, as evidenced by the

Letters of Office attached hereto and made a part hereof and marked as "Exhibit A".

2.     That at all times mentioned herein, St. Louis University, operated a hospital and a

residency program located in St. Clair County, Illinois.

3.     That Plaintiff's Decedent, Justine C. Claise, came under the care and treatment of

agents, servants and/or employees of St. Louis University, including Captain Kenneth Boomgard,

M.D., a member of the residency program operated by St. Louis University, from September 8, 2003

through January 4, 2004.

4.     That at the aforementioned time and place, it was the duty of St. Louis University,

by and through its agents, servants and/or employees, to operate its residency program in such a

fashion as to provide competent medical services to Plaintiff's Decedent, Justine C. Claise.

5.     That during the time that Plaintiff's Decedent was being treated by agents, servants

and/or employees, including Captain Kenneth Boomgard, M.D., and other members of the residency

program operated by St. Louis University, Plaintiff's Decedent developed a carcinoma which was

not treated.

6.     That the Defendant, St. Louis University, by and through its agents, servants and/or

employees, including Captain Kenneth Boomgard, M.D., was then and there was guilty of one or

more of the following negligent acts and/or omissions:

        a.     Failed to properly train the physicians in its residency program;

b.    Failed to properly monitor the care given by the physicians in its residency program;

c.    Failed to have competent supervisory staff to check the patients being treated by the residents in its program.

7.    That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, St. Louis University, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005;

8.    That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, St. Louis University, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent was caused to suffer intense pain and suffering from time of the development of the carcinoma until her death on June 28, 2005;

9.    That a cause of action previously filed in Illinois state court has been voluntarily dismissed based upon the same or substantially the same acts or omissions or occurrences, and Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and report to that effect are attached hereto, marked as "Exhibit B" and incorporated by reference herein.

WHEREFORE, Plaintiff, Matt West, Individually, and as Independent Executor of the Estate of Justine C. Claise, deceased, prays for judgment against the Defendant, St. Louis University, in a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) plus costs of suit.

Terry N. Brown, #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

## COUNT V

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of the Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and for Count V of his cause of action against the Defendant, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, Belleville, Illinois, a not-for-profit corporation, hereinafter known as "St. Elizabeth's Hospital" and states as follows:

1. That Matthew P. West was the husband of Justine Claise, who died on June 28, 2005, and is the duly appointed Independent Executor of the Estate of Justine Claise, as evidenced by the Letters of Office attached hereto and made a part hereof and marked as "EXHIBIT A".

2. That at all times mentioned herein, St. Elizabeth's Hospital, operated a hospital and a residency program located in St. Clair County, Illinois.

3. That Plaintiff's Decedent, Justine C. Claise, came under the care and treatment of agents, servants and/or employees of St. Elizabeth's Hospital, including Captain Kenneth Boomgard, M.D., a member of the residency program operated by St. Elizabeth's Hospital, from September 8, 2003 through January 4, 2004.

4. That at the aforementioned time and place, it was the duty of St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., to operate its residency program in such a fashion as to provide competent medical services to Plaintiff's Decedent, Justine C. Claise.

5. That during the time that Plaintiff's Decedent was being treated by agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., and other members of the residency program operated by St. Elizabeth's Hospital, Plaintiff's Decedent developed a carcinoma which was

not treated.

6.     That the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., was then and there was guilty of one or more of the following negligent acts and/or omissions:

    a.     Failed to properly train the physicians in its residency program;

    b.     Failed to properly monitor the care given by the physicians in its residency program;

    c.     Failed to have competent supervisory staff to check the patients being treated by the residents in its program.

7.     That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005, thus depriving her next of kin of the support, society, guidance, companionship, and happiness provided by Justine C. Claise, and in addition thereto, they have become obligated for medical bills and funeral bills.

8.     That a cause of action previously filed in Illinois state court has been voluntarily dismissed based upon the same or substantially the same acts or omissions or occurrences, and Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and report to that effect are attached hereto, marked as "EXHIBIT B" and incorporated by reference herein.

WHEREFORE, Plaintiff, Matthew P. West, Individually, and as Independent Executor of the Estate of Justine C. Claise, deceased, prays for judgment against the Defendant, St. Elizabeth's Hospital, in a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) plus costs of suit.

Terry N. Brown #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

## COUNT VI

### PAIN AND SUFFERING

Now comes the Plaintiff, Matthew P. West, Individually and as Independent Executor of the Estate of Justine C. Claise, deceased, by and through his attorneys, Brown & Associates, and for Count VI of his cause of action against the Defendant, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, Belleville, Illinois, a not-for-profit corporation, hereinafter known as "St. Elizabeth's Hospital" and states as follows:

1.      That Matthew P. West was the husband of Justine Claise, who died on June 28, 2005, and is the duly appointed Independent Executor of the Estate of Justine Claise, as evidenced by the Letters of Office attached hereto and made a part hereof and marked as "EXHIBIT A".

2.      That at all times mentioned herein, St. Elizabeth's Hospital, operated a hospital and a residency program located in St. Clair County, Illinois.

3.      That Plaintiff's Decedent, Justine C. Claise, came under the care and treatment of agents, servants and/or employees of St. Elizabeth's Hospital, including Captain Kenneth Boomgard, M.D., a member of the residency program operated by St. Elizabeth's Hospital, from September 8, 2003 through January 4, 2004.

4.      That at the aforementioned time and place, it was the duty of St. Elizabeth's Hospital, by and through its agents, servants and/or employees, to operate its residency program in such a fashion as to provide competent medical services to Plaintiff's Decedent, Justine C. Claise.

5.      That during the time that Plaintiff's Decedent was being treated by agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., and other members of the residency program operated by St. Elizabeth's Hospital, Plaintiff's Decedent developed a carcinoma which was not treated.

6.      That the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., was then and there was guilty of one or more of the following negligent acts and/or omissions:

        a.      Failed to properly train the physicians in its residency program;

        b.      Failed to properly monitor the care given by the physicians in its residency program;

        c.      Failed to have competent supervisory staff to check the patients being treated by the residents in its program.

7.      That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent died on June 28, 2005.

8.      That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including Captain Kenneth Boomgard, M.D., Plaintiff's Decedent was caused to suffer intense pain and suffering from time of the development of the carcinoma until her death on June 28, 2005.

9.      That a cause of action previously filed in Illinois state court has been voluntarily dismissed based upon the same or substantially the same acts or omissions or occurrences, and Affiant has obtained a consultation as required by 735 ILCS 5/2-622(1), and an Affidavit and report to that

Page 14

effect are attached hereto, marked as "Exhibit B" and incorporated by reference herein.

WHEREFORE, Plaintiff, Matthew P. West, Individually, and as Independent Executor of the

Estate of Justine C. Claise, deceased, prays for judgment against the Defendant, St. Elizabeth's

Hospital, in a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) plus costs of suit.

Terry N. Brown, #00320005
BROWN & ASSOCIATES
5520 West Main Street
Belleville IL 62226-4736
618/236-2887

Page 15

# UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW P. WEST, Individually and as )
Independent Executor of the )
Estate of Justine C. Claise, deceased, )
  )
     Plaintiff, )
  )
  )
     v. )
  )
  )    Civil No. O8-646-GPM
THE UNITED STATES OF AMERICA, )
  )
     Defendant. )

## A F F I D A V I T

Now comes Terry N. Brown and on his oath states as follows:

That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "B".

Terry N. Brown, #00320005
Attorney for Plaintiff

Subscribed and sworn to before me this 15th day of September, 2008.

OFFICIAL SEAL
KRYSTAL L LEEMON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/02/09

Notary Public

## UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW P. WEST, Individually and as )
Independent Executor of the )
Estate of Justine C. Claise, deceased, )
)
     Plaintiff, )
)
)
     v. )
)   Civil No. _08-646-GPM_
)
ST. ELIZABETH'S )
HOSPITAL OF THE HOSPITAL SISTERS OF )
THE THIRD ORDER OF ST. FRANCIS, )
BELLEVILLE, ILLINOIS, A NOT-FOR-PROFIT )
CORPORATION, )
)
     Defendant. )

### AFFIDAVIT

Now comes Terry N. Brown and on his oath states as follows:

That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "B".

Terry N. Brown #00320005
Attorney for Plaintiff

Subscribed and sworn to before me this 15 day of September 2008.

OFFICIAL SEAL
KRYSTAL L LEEMON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/02/09

Notary Public

## UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW P. WEST, Individually and as Independent Executor of the Estate of Justine C. Claise, deceased,<br><br>      Plaintiff,<br><br>      v.<br><br>ST. LOUIS UNIVERSITY, A NOT-FOR-PROFIT CORPORATION<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil No. 08-646-GPM |

## A F F I D A V I T

Now comes Terry N. Brown and on his oath states as follows:

That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "B".

Terry N. Brown, #00320005
Attorney for Plaintiff

Subscribed and sworn to before me this 5 day of September, 2008.

Notary Public