IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW P. WEST, Individually and as Independent Executor of the Estate of Justine C. Claise, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIVIL NO. 08-646-GPM<br>) |
| UNITED STATES OF AMERICA, et al., | )<br>) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

The United States of America, by its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Nathan E. Wyatt, Assistant United States Attorney, hereby moves for summary judgment.

**I.     JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over the plaintiff's tort claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (hereafter "FTCA"). The Southern District of Illinois is a proper venue for this case, as all the incidents complained of occurred in the Southern District of Illinois. *See* 28 U.S.C. § 1402 (providing that an FTCA action may be brought in the judicial district "wherein the act or omission complained of occurred").

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's decedent, Justine Claise, died on June 28, 2005. Plaintiff, Matthew West, is Ms. Claise's surviving spouse. Ms. Claise was 27 years old at the time of her death. The cause of her death was metastatic[1] rhabdomyosarcoma.[2] Plaintiff alleges that a U.S. Air Force medical provider, Dr.

---

[1]     Cancer which has spread from its original source.

[2]     A cancer made up of cells that normally develop into skeletal muscles of the body.

(Maj) Kenneth Boomgaard, was negligent in his failure to diagnose a sarcoma in the left arm of Ms. Claise, which led to a loss of her chance of survival, pain and suffering, and death.

Ms. Claise presented on October 6, 2003 at the St. Elizabeth's Family Practice Clinic in Belleville, Illinois. At the Clinic, Ms. Claise was seen by Dr. Boomgaard, then a second year resident participating, as a member of the 375th Medical Group out of Scott AFB, in Saint Louis University's Family Practice Residency Program pursuant to an agreement between the Air Force, St. Elizabeth's and Saint Louis University. Ms. Claise was seen again by Dr. Boomgaard on November 14, 2003, and for the last time on January 7, 2004. If the case were to proceed to trial, there would be a significant factual dispute about what occurred at these appointments. Those factual disputes are immaterial to this motion.

Material to this motion, and an undisputed fact, is that Ms. Claise was last seen by Dr. Boomgaard on January 7, 2004. There has been no allegation that the alleged negligence of Dr. Boomgaard continued after January 7, 2004. To the contrary, the plaintiff's complaint sets forth September 8, 2003 through January 4, 2004 as the relevant time-frame. *See* Doc. 2 (Plaintiff's Complaint), ¶¶ 3, 8. Similarly, the plaintiff's two expert physicians both discuss October 6, 2003 to January 7, 2004 as the time-frame of care and treatment provided by Dr. Boomgaard. *See* Exs. A & B.

### III. PROCEDURAL HISTORY

The plaintiff timely filed an administrative claim with the United States Air Force on December 12, 2005. *See* Ex. C. Administrative claims must be filed within two years of the accrual of the claim. *See* 28 U.S.C. § 2401. When the Air Force failed to act on the plaintiff's claim within six months, the plaintiff then had the right to file suit at any time. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.")

The Air Force denied the plaintiff's administrative claim on April 30, 2008. The plaintiff filed suit on September 16, 2008. Under the FTCA, suit must be filed within six months of the agency's denial of the administrative claim. *See* 28 U.S.C. § 2401.

### IV.     STANDARD OF REVIEW

"A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

### V.     ARGUMENT

A case brought under the FTCA is governed by the substantive law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The FTCA also mandates that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances . . .

3

." *Id.* § 2674; *see id.* § 1346(b). As a waiver of sovereign immunity, the FTCA must be "'construed strictly in favor of the sovereign . . . .'" *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Smith v. United States*, 507 U.S. 197, 203 (1993) ("'[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended.'" (quoting *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (citations omitted)).

In this case, all of the relevant acts or omissions occurred in Illinois, and, therefore, the substantive law of Illinois applies. Under Illinois law, medical malpractice claims filed more than four years after the alleged acts of negligence occurred are barred by the statute of repose, which provides that "in no event shall such action be brought more than 4 years after the date on which occurred the act or omission." *See* 735 ILCS 5/13-212

Statutes of repose are substantive law, and therefore the Illinois statute of repose applies in this case. *See First United Methodist Church v. United States Gypsum Co.,* 882 F.2d 862, 865-66 (4th Cir.1989) (citations omitted) (stating that a statute of repose "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time"), *cert. denied,* 493 U.S. 1070 (1990); *see also Hines v. Tenneco Chemicals, Inc.,* 728 F.2d 729, at 730 (5th Cir.1984) (North Carolina statute of repose treated as substantive in choice of laws context).

Because statutes of repose are substantive law, they may be invoked to bar FTCA suits. *See, e.g,, Anderson v. United States*, No. CCB-08-03, 2010 WL 1346409 (D.Md. March 30, 2010) (barring FTCA claim under state statute of repose); *Vega v. United States*, 512 F.Supp.2d 853, 860 (W.D.Tex. 2007) (dismissing FTCA claim for negligent design as barred by Texas's real property statute of repose); *Manion v. United States*, No. CV-06-739, 2006 WL 2990381 (D. Or. Oct. 18, 2006) (dismissing FTCA suit as filed outside of Oregon's statute of ultimate repose). A statute of repose

"will typically begin to run instantly from the occurrence of the event giving rise to a claim and will not be slowed or stopped for failure of notice or for any other reason." *See United States v. Saint Louis University*, No. 07-CV-0156-DRH, 2007 WL 4115807 (S.D.Ill. Nov. 16, 2007) (Herndon, Chief Judge).

This suit was filed on September 16, 2008, which was past the allowable time for such a suit under the Illinois Statute of Repose. The plaintiff filed an administrative claim with the United States Air Force on December 12, 2005, and therefore was obviously aware of the basis for the claim within the statute of repose. The plaintiff had a statutory right, under the FTCA, to file suit within 6 months of filing the administrative claim, by on or around June 12, 2006. Meanwhile, the plaintiff had a statutory obligation, under the Illinois statute of repose, to file suit within four years of the occurrence giving rise to the claim—no later than January 7, 2008. Thus, there was nothing to prevent the plaintiff from satisfying both statutes. The plaintiff, however, did not file suit until September 16, 2008—over 4 years and 8 months after the last alleged act of negligence.

The filing of the administrative claim does not equate to compliance with the four-year statute of repose. Were this action filed against a private person in "like circumstances," it would be dismissed because the plaintiff failed to file a claim within the statutorily-mandated period. A finding that the Illinois statute of repose does not bar the instant action would result in exposure of the United States to liability while a suit involving a similar filing timeline against a private defendant would result in dismissal. Congress did not intend such disparate results in waiving the United States' sovereign immunity under the FTCA. 28 U.S.C. § 2674.

Because the cause of action was effectively extinguished, at the latest, on January 7, 2008, a finding that the administrative claim satisfied the requirement of the statute of repose would effectively permit the four-year statute of repose to be tolled or extended. In other words, if this Court were to find

that the administrative claim satisfied the four-year statute of repose, it would establish an implied exception to the statute of repose, which the Illinois Supreme Court has described in broad terms, stating: "We believe that the medical malpractice statute of repose bars *any* action after the period of repose seeking damages for injury or death arising out of patient care under all theories of liability, whether then existing or not." *Hays v. Mercy Hospital and Medical Center*, 557 N.E.2d 873, 876 (Ill. 1990) (emphasis added).   Moreover, tolling or extending the four-year period would directly contradict the purpose of the statute of repose which provides a defendant with relief from suit after a statutorily-mandated period.

## VI. CONCLUSION

For the reasons discussed above, the Court should grant summary judgment in favor of the United States of America.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Nathan E. Wyatt*

NATHAN E. WYATT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Phone:  (618) 628-3700
Fax: (618) 622-3811

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW P. WEST, Individually and as Independent Executor of the Estate of Justine C. Claise, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL NO. 08-646-GPM ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendant. | ) |

**Certificate of Service**

I hereby certify that on October 6, 2010, I caused to be electronically filed this THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court, using the CM/ECF system, which will send notification of such filing(s) to the following:

**Terry N. Brown**      terry@tbrownandassociates.com

Notice will be sent by United States mail to the following unregistered participants:

**NONE**.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney


*/s/ Nathan E. Wyatt*
NATHAN E. WYATT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-Mail: nathan.wyatt@usdoj.gov