IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW P. WEST, Individually and as )
Independent Executor of the Estate of )
Justine Claise, )
                                              )
                **Plaintiff,**          )
                                              )
vs. ) CIVIL NO. 08-646-GPM
                                              )
UNITED STATES OF AMERICA, )
                                              )
                **Defendant.**         )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case is a suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Currently this matter is before the Court on a motion brought by Defendant United States of America for leave to amend its answer to assert an affirmative defense based upon a statute of repose (Doc. 50), a motion by the government to extend the deadline for filing dispositive motions in this case (Doc. 51), and a motion by the government for summary judgment (Doc. 52). The pertinent facts and procedural history of the case are as follows. Plaintiff Matthew P. West brings suit individually and as independent executor of the estate of Justine Claise, deceased, who was West's wife. Claise presented at the Family Practice Clinic of St. Elizabeth's Hospital ("St. Elizabeth's") in Belleville, Illinois, on October 6, 2003. At St. Elizabeth's, Claise was examined by Dr. Kenneth Boomgaard, M.D., who was at that time a second-year resident participating, as a member of the 375th Medical Group out of Scott Air Force Base in O'Fallon, Illinois, in the Family Practice

Residency Program at Saint Louis University ("SLU") pursuant to an agreement between the United States Air Force ("USAF"), St. Elizabeth's, and SLU. Claise was seen again by Boomgaard on November 14, 2003, and for the last time on January 7, 2004. On June 28, 2005, Claise died of a metastatic rhabdomyosarcoma. On December 12, 2005, West filed an administrative claim with the USAF, asserting that Claise's death was the result of Boomgaard's negligent failure to detect a sarcoma in Claise's left arm. The USAF denied West's administrative claim on April 30, 2008. On September 15, 2008, West filed this suit, asserting an FTCA claim for medical negligence against the government, together with pendent state-law claims against SLU and St. Elizabeth's; thereafter West voluntarily dismissed his claims against SLU and St. Elizabeth's. The deadline for filing dispositive motions in the case expired July 23, 2010. The government has moved to amend its answer to assert an affirmative defense based upon a statute of repose. Additionally, the government has moved to extend the deadline for filing dispositive motions in the case and seeks summary judgment based upon a statute of repose. The government's motions have been fully briefed, and the Court rules as follows.

## II. Discussion

### A. Motion for Leave to File an Amended Answer and to Continue the Deadline for Filing Dispositive Motions

The first issue to be decided is whether the government should be given leave to amend its answer to assert an affirmative defense based upon a statute of repose and, if so, whether the deadline for filing dispositive motions in this case should be extended. Under Rule 8 of the Federal Rules of Civil Procedure, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). In FTCA cases, of course, a federal

court applies federal procedure but, to make a point that will come up again in this Order, state substantive law. *See* 28 U.S.C. § 1346(b)(1) (providing that, in FTCA cases, the substantive law is "the law of the place where the act or omission occurred"); *Carter v. United States*, 333 F.3d 791, 794 (7th Cir. 2003) (stating that, in an FTCA case, a federal court "will apply its usual procedures even if it is required . . . to apply the substantive law of a . . . state"). Under Illinois law, which is the substantive law in this case, statutes of repose are deemed to be affirmative defenses. *See McRaith v. BDO Seidman, LLP*, 909 N.E.2d 310, 327 (Ill. App. Ct. 2009); *Willett v. Cessna Aircraft Co.*, 851 N.E.2d 626, 635-36 (Ill. App. Ct. 2006); *Delnick v. Outboard Marine Corp.*, 555 N.E.2d 84, 89 (Ill. App. Ct. 1990). This also appears to be the view of all of the federal courts in the Seventh Circuit that have addressed the matter. *See, e.g., Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2006 WL 560589, at *1 (N.D. Ill. Feb. 28, 2006); *Stirchak v. Shiley*, No. 96 C 257, 1996 WL 166958, at *1 (N.D. Ill. Apr. 5, 1996); *Crisman v. Peoria & Pekin Union Ry. Co.*, 846 F. Supp. 716, 719 (C.D. Ill. 1994).

      The Court tends to think that the better-reasoned view is that a statute of repose is not an affirmative defense. Under Illinois law, the effect of a statute of repose is to extinguish any right to bring a cause of action, regardless of when, or even if, the cause has accrued or any injury has resulted. *See Ferguson v. McKenzie*, 780 N.E.2d 660, 664 (Ill. 2001); *Cornett v. Gromann Serv. Company-Retail*, 590 N.E.2d 1013, 1015 (Ill. App. Ct. 1992). "A statute of repose terminates the right to bring an action when the event giving rise to the cause of action does not transpire within the specified interval. The injured party no longer has a recognized right of action, and the harm that has been done is *damnum absque injura* [sic] – a wrong for which the law affords no redress." *Goodman v. Harbor Mkt., Ltd.*, 663 N.E.2d 13, 18 (Ill. App. Ct. 1995). Because the effect of a

statute of repose is to deprive a plaintiff of the right to bring an action at all, the Court does not believe that such a statute constitutes an affirmative defense that must be pleaded and proved by a defendant. *See Roskam Baking Co. v. Lanham Mach. Co*., 288 F.3d 895, 900-04 (6th Cir. 2002) (holding that a Michigan statute of repose was not an affirmative defense but an appropriate basis on which to seek dismissal of a complaint for failure to state a claim upon which relief can be granted).

All of that said, even assuming that the statute of repose at issue in this case constitutes an affirmative defense, the Court sees no reason why the government should not be allowed to amend its answer to assert an affirmative defense based upon a statute of repose. An affirmative defense that is not raised in a defendant's answer may be deemed waived. *See Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008); *Coleman v. Ramada Hotel Operating Co*., 933 F.2d 470, 475 (7th Cir. 1991); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990). "Of course, as with other pleadings, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). The test of whether to allow amendment of an answer to assert an affirmative defense is simply that of whether to allow any amendment of a pleading under Rule 15(a) of the Federal Rules of Civil Procedure. *See Jackson v. Rockford Hous. Auth*., 213 F.3d 389, 392-93 (7th Cir. 2000). Under that rule, of course, "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave

sought should, as the rules require, be 'freely given.'" *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this instance there is perhaps some question about why the government has waited until this juncture to assert an affirmative defense based upon a statute of repose. However, "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'" *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999)). The Court does not believe that West can claim to be significantly prejudiced by the government's delay in bringing its affirmative defense. The defense presents a straightforward question of law, that is, whether the Illinois statute of repose for medical malpractice cases applies in this FTCA case; if so, then the effect of the defense on this case is clear. West has had the opportunity to respond in writing to the government's motion to amend and motion for summary judgment and the Court has heard oral argument by the parties on the motions. This case has not been set for trial, and the government's motions will in no way delay or protract these proceedings. It is the case, of course, that "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Venters*, 123 F.3d at 968 (quoting *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987)). *See also Stanish v. Polish Roman Catholic Union of Am.*, 484 F.2d 713, 721 (7th Cir. 1973) (declining to permit a defendant to raise an affirmative defense for the first time on the fourth and last day of trial). However, this is hardly a case in which the government has tried to sandbag its opponent by raising an affirmative defense at the last minute without giving the opponent

notice and opportunity to respond. Therefore, the Court believes that the government should be permitted to amend its answer to assert an affirmative defense based upon a statute of repose. The Court notes that this result is consistent with the policy underlying the FTCA, that of conserving governmental resources in the disposition of federal tort claims. *See* S. Rep. No. 89-1327, at 1 (1966), *as reprinted in* 1966 U.S.C.C.A.N. 2515, 2516 (the policy of the FTCA is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."). Allowing the government to assert its affirmative defense is consistent also with the principle that the FTCA is a limited congressional waiver of the government's sovereign immunity that is to be construed narrowly. *See Quilico v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984); *Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984). The Court will grant the government leave to amend its answer to assert an affirmative defense based upon a statute of repose, and will extend the deadline for filing dispositive motions in this case so that the government's motion for summary judgment based upon a statute of repose is deemed to be timely filed.

      **B.**     **Motion for Summary Judgment**

The government seeks summary judgment on the grounds that West's FTCA claim is barred by the Illinois statute of repose for actions for medical malpractice. With respect to actions for medical malpractice, Illinois law provides, in relevant part, that "in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a). *See also Sharpe v. Jackson Park Hosp.*, 441 N.E.2d 645, 646 (Ill. 1982). In this instance, the date of the last act or omission by Boomgaard alleged by West is January 7, 2004, when Boomgaard examined

Claise for the last time. Thus, the repose period terminated on January 7, 2008, approximately nine months before this action was filed.[1]

Under the FTCA, the government is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Similarly, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. These statutes contemplate that the federal government will be liable to the same extent as a private party for the negligence of federal employees acting within the scope of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1976) ("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."). The Supreme Court of the United States has instructed that, "[a]s this provision [28 U.S.C. § 2674] makes clear, in conjunction with the jurisdictional grant over FTCA cases in 28 U.S.C.

---

1. This perhaps is the place to note that, although the USAF did not deny West's administrative claim until April 2008, this did not effect West's ability to bring suit within the repose period. In general, of course, exhaustion of administrative remedies is a strict prerequisite to a suit under the FTCA, and an FTCA suit brought before an administrative claim has been denied is subject to being dismissed as premature. *See, e.g., McNeil v. United States*, 508 U.S. 106, 111-13 (1993). However, the FTCA provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section." 28 U.S.C. § 2675(a). Thus, after the USAF failed to act on his claim by July 2006, West could have filed suit at any time within the statute of repose.

§ 1346(b), the extent of the United States' liability is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992).

Under Illinois law, a statute of repose is more than just procedural in nature and is not a true statute of limitations, but rather functions as an absolute bar to an action. *See Sikora v. AFD Indus., Inc.*, 18 F. Supp. 2d 839, 841 (N.D. Ill. 1998) (citing *Vaughn v. Speaker*, 533 N.E.2d 885, 890 (Ill. 1988)); *Daubach v. Honda Motor Co.*, 707 N.E.2d 746, 748 (Ill. App. Ct. 1999). A statute of repose, by establishing a certain date for the termination of actions, bars a claim no matter when the cause of action accrues, and can extinguish a right of action before the right of action ever arises. *See M.E.H. v. L.H.*, 669 N.E.2d 1228, 1231-32 (Ill. App. Ct. 1996); *Hahn v. Norfolk & W. Ry. Co.*, 608 N.E.2d 683, 686 (Ill. App. Ct. 1993). By establishing a certain date for the termination of actions, a statute of repose enables defendants, among other things, to predict their future liabilities; for example, the purpose of the statute of repose governing medical negligence actions is to terminate the possibility of liability after a defined period of time and to curtail "long tail" exposure to medical malpractice claims brought about by the advent of the discovery rule. *See Fricka v. Bauer*, 722 N.E.2d 718, 721 (Ill. App. Ct. 1999) (citing *Cunningham v. Huffman*, 609 N.E.2d 321, 325 (Ill. 1993)) (by establishing a certain date for termination of actions, the Illinois statute of repose for medical malpractice actions enables malpractice insurers to predict future liabilities and alleviate their need to maintain loss reserves); *Hayes v. Wilson*, 670 N.E.2d 867, 869 (Ill. App. Ct. 1996) (the purpose of a statute of repose is "to terminate the possibility of liability after a defined period of time" so that professionals do not remain exposed to liability for malpractice for an indefinite period of time). "[T]he defendant has a vested right to invoke the bar of the [statute of repose] as a defense to a cause of action. That right cannot be taken away by the legislature

without offending the due process protections of our state's constitution," and this is so even when a statute of repose later is legislatively abolished. *M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997). The function of a statute of repose "'is thus rather to define substantive rights than to alter or modify a remedy.'" *Thornton v. Mono Mfg. Co.*, 425 N.E.2d 522, 525 (Ill. App. Ct. 1981) (quoting *Rosenberg v. Town of N. Bergen*, 293 A.2d 662, 667 (N.J. 1972)). *See also Freeman v. Williamson*, 890 N.E.2d 1127, 1133 (Ill. App. Ct. 2008) (noting that a statute of repose is substantive law because it extinguishes a plaintiff's right of action and confers on a defendant an absolute freedom from liability following the expiration of a statutorily prescribed period of time).

Because the government may only be liable to the same extent as any individual, and because the Illinois statute of repose for medical malpractice actions constitutes the substantive law of Illinois, the Court concludes that it applies in this case to extinguish West's claim for relief under the FTCA.[2] The Court notes that, while the United States Court of Appeals for the Seventh Circuit has not addressed the question of the applicability of state statutes of repose in FTCA cases, every sister federal court to have addressed the issue has found that state statutes of repose can extinguish FTCA claims. *See Anderson v. United States*, Civil No. CCB-08-3, 2010 WL 1346409, at **3-4 (D. Md. Mar. 30, 2010) (a Maryland statute of repose for medical malpractice claims extinguished an FTCA claim); *Brown v. United States*, 514 F. Supp. 2d 146, 155-58 (D. Mass. 2007)

---

2. The Court notes that it is not using the term "substantive" in the sense that it comprises part of the body of state law that, under the familiar rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court must apply as the rule of decision in all cases. To the extent there is any difference in the meaning of "substantive" in the *Erie* sense and the same term as it applies in FTCA cases, the concerns underlying the *Erie* doctrine about forum-shopping in federal or state court have no bearing on FTCA cases, which are a matter of exclusive federal jurisdiction. *See* 28 U.S.C. § 1346(b)(1); *DiNello v. United States Dep't of Educ.*, No. 06 C 2763, 2006 WL 3783010, at *2 (N.D. Ill. Dec. 21, 2006).

(a Massachusetts statute of repose for actions involving improvements to real property barred an action under the FTCA); *Vega v. United States*, 512 F. Supp. 2d 853, 859-61 (W.D. Tex. 2007) (a Texas statute of repose barred a negligent design claim against the government that was more than ten years old); *Manion v. United States*, No. CV-06-739-HU, 2006 WL 2990381, at **2-9 (D. Or. Oct. 18, 2006) (an FTCA claim was barred by an Oregon statute of repose for negligence claims); *Estate of Elliott v. United States*, 225 F.R.D. 688, 694-96 (N.D. Ga. 2004) (applying a Georgia statute of repose for medical malpractice actions in a suit under the FTCA).

### III. CONCLUSION

The government's motion for leave to amend its answer to assert an affirmative defense based upon a statute of repose (Doc. 50) is **GRANTED**. The government's motion to extend the deadline for filing dispositive motions in this case (Doc. 51) is **GRANTED**. Finally, the government's motion for summary judgment (Doc. 52) is **GRANTED**, and this case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly. The government's motion in limine (Doc. 54) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: October 25, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge